**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

---

**CRISTINO ALMONTE,**

                            **Plaintiff,**

v.
                                                   **11-CV-1088S(Sr)**

**AVERNA VISION & ROBOTICS INC.,**

                            **Defendant.**

---

## DECISION AND ORDER

This matter was referred to the undersigned by the Hon. William M. Skretny, in accordance with 28 U.S.C. § 636(b), for all pretrial matters, including hearing and disposition of all nondispositive motions. Dkt. #6.

Currently before the Court is plaintiff's motion for an order directing the reasonable scheduling and compensation of plaintiff's expert witnesses for deposition. Dkt. #26.

## BACKGROUND

Plaintiff commenced this personal injury action in New York State Supreme Court, Erie County, seeking compensation for personal injuries sustained in a workplace accident in Medina, New York on November 19, 2008. Dkt. #1. The defendant removed the matter to this Court based upon diversity jurisdiction. Dkt. #1. Defendant is a Canadian corporation. Dkt. #1.

In accordance with the Court's Case Management Order, plaintiff disclosed his expert witnesses on October 23, 2012. Dkt. #25.

By e-mail dated December 2, 2013, defendant's counsel requested proposed dates for the depositions of plaintiff's occupational safety expert, John Coniglio, and plaintiff's vocational rehabilitation expert, Alan Winship. Dkt. #29, p.12. Mr. Coniglio is charging plaintiff an hourly rate of $315 for his services and demands $2,520 per day for an eight hour deposition, payment required in advance. Dkt. #26-2 & Dkt. #31, ¶ 10. Mr. Winship completed a vocational/earning capacity evaluation and report of plaintiff at a cost of $4,200 and demands $1900 for 3.5 hours of deposition – an hourly rate of more than $540 – with an additional $1900 charged should the deposition extend beyond 3.5 hours, payment required in advance. Dkt. #25; Dkt. #26-2 & Dkt. #31, ¶¶ 11, 13 & 16.

On December 17, 2013, following discussions regarding availability, defendant noticed Alan Winship's deposition for January 16, 2014 and John Coniglio's deposition for January 20, 2014. Dkt. #29, pp.24 & 26. On December 19, 2013, Alan Winship's deposition was rescheduled to January 15, 2014. Dkt. #29, p.32.

By e-mail dated December 20, 2013, plaintiff's counsel requested advance payment of the deposition fees charged by Mr. Coniglio and Mr. Winship. Dkt. #29, p.35.

By letter dated December 20, 2013, counsel for defendant objected to advance payment and to the payment of a flat fee. Dkt. #29, p.37. Specifically, counsel

noted that Mr. Winship's flat fee for a half day equated to an hourly rate of $475,[1] while the hourly rate Mr. Winship charged plaintiff was $250.  Dkt. #29, p.37.  Defendant proposed payment in advance of one hour of the hourly rate the expert charged plaintiff, with the remainder invoiced at that hourly rate for time actually expended.  Dkt. #29, p.37.

By e-mail dated December 30, 2013, Mr. Coniglio's deposition was rescheduled to January 10, 2014.  Dkt. #29, ¶ 28.  In that e-mail, plaintiff's counsel objected to defendant's demand that plaintiff's expert witnesses reserve time for a deposition without confidence that the time reserved would be compensated.  Dkt. #29, pp.44-45.  Plaintiff's counsel suggested a commitment of two hours with an agreement to reschedule if additional time was needed.  Dkt. #29, p.45.  By e-mail dated January 2, 2014, plaintiff's counsel reiterated: "I am willing to address your request with the witnesses that payment be made within 30 days, but before I do, I am seeking an acknowledgment that you are going to pay them for the time you ask that they reserve."  Dkt. #29, p.51.  By letter dated January 2, 2014, plaintiff's counsel reiterated that if defendant did not wish to pay a flat fee, defendant's counsel should commit to payment for the number of hours it expected the deposition would require, with the understanding that additional time could be scheduled should that estimate prove insufficient, and requested confirmation that defendant would pay the expert within 30 days of the deposition.  Dkt. #26-4.

---

[1] It appears that defense counsel calculated Mr. Winship's hourly rate by dividing $1900 by 4 hours.

> By e-mail dated January 2, 2014, counsel for defendant responded:
>
> I cannot guarantee how long the depositions will go. However, because you continue to demand that I do so, I estimate that Mr. Coniglio's deposition will last 3-4 hours, Mr. Winship's 2-3 hours . . . . These estimates are made in good faith, but we do not agree to be bound by them. If we cannot complete the depositions in the time estimated, we would expect to continue the depositions or reschedule them within the constraints of the existing scheduling order. We also will not agree to pay for unused time. Finally, we will pay for reasonable preparation time as required under the FRCP, and we have never indicated otherwise.

Dkt. #29, p.56.

> By e-mail dated January 3, 2014, plaintiff's counsel advised:
>
> I am not asking you to guarantee when you will finish the depositions. I understand that you can't provide a guarantee. But there is a difference between asking for a guarantee . . . and asking you to allow me to tell the witnesses how much of their time is going to be required and whether they should expect to be paid for the scheduled time. Your refusal to address this specific concern leaves Plaintiff on the hook for the difference between what the witnesses charge and what you eventually agree to pay them. I will try to schedule the witnesses for whatever time you request, 2 hours, 3 hours, whatever, I just need you to commit to paying for that time.

Dkt. #29, p.58. By letter dated January 3, 2014, counsel for defendant reiterated agreement to pay plaintiff's expert witnesses their usual hourly rates for the time spent in preparation for and during deposition, but refused to pay a flat fee; to pay in advance; or to pay for time set aside, but not utilized, for deposition. Dkt. #26-3, p.2. Defense counsel requested the appearance of Mr. Coniglio and Mr. Winship at their depositions as scheduled. Dkt. #26-3, p.2.

On January 9, 2014, plaintiff's counsel advised defendant's counsel that plaintiff's expert witnesses would not appear for deposition until the fee issue was resolved. Dkt. #29, ¶ 28. Mr. Winship demanded $500 as a cancellation fee, which plaintiff's counsel requests that defendant be ordered to pay. Dkt. #31, ¶ 18.

## DISCUSSION AND ANALYSIS

Plaintiff argues that it is unreasonable to expect retained witnesses to reserve a day for deposition, thereby forgoing other business opportunities, without a guarantee of compensation for the time reserved. Dkt. #30. Plaintiff notes that he cannot compel the experts to appear for deposition and risks a motion to preclude if they do not appear because of uncertainty as to payment. Dkt. #30, p.2. Plaintiff explains that his experts request advance payment because of prior difficulty obtaining reimbursement following depositions. Dkt. #31, ¶ 16.

Defendant objects to the expert witnesses' demand for advance payment and payment of a flat fee or payment for time reserved, but not utilized, for deposition. Dkt. #29. In addition, defendant believes that this motion is premature, arguing that "plaintiff's experts should be deposed, they should submit invoices for their time, and then, only if there is a dispute about the fees, a motion should be filed." Dkt. #29, p.4.

Fed. R. Civ. P. 26(b)(4)(A) provides that "[a] party may depose any person who has been identified as an expert whose opinions may be presented at trial." Fed. R. Civ. P. 26(b)(4)(E) provides that

> Unless manifest injustice would result, the court must require that the party seeking discovery: (i) pay the expert a reasonable fee for time spent in responding to discovery under Rule 26(b)(4)(A) . . .

"The rule and the case law makes it clear that the parties seeking court intervention to determine a reasonable fee for an expert deposition should do so retrospectively – that is, after the deposition has taken place." *Conte v. Newsday, Inc.*, No. CV 06-4859, 2011 WL 3511071, at *3 (E.D.N.Y. Aug. 10, 2011).  In the instant case, however, the expert witnesses' demands for advance payment require Court intervention prospectively.

The underlying purpose of Rule 26(b)(4)(E) "is to compensate experts for their time spent participating in litigation and to prevent one party from unfairly obtaining the benefit of the opposing party's expert's work free from cost." *New York v. Solvent Chemical Co., Inc.,* 210 F.R.D. 462, 468 (W.D.N.Y. 2002), *quoting Goldwater v. Postmaster General*, 136 F.R.D. 337, 339 (D.Conn.1991).  "In implementing this rule, courts aim to calibrate the fee so that [parties] will not be hampered in efforts to hire quality experts, while [their adversaries] will not be burdened by unfairly high fees preventing feasible discovery and resulting in windfalls to the expert." *Mannarino v. United States*, 218 F.R.D. 372, 374 (E.D.N.Y. 2003) (internal quotation omitted).

"Courts expect some reasonable relationship between the services rendered and the renumeration to which an expert is entitled." *Id.* at 375 (internal quotation omitted).  "By its nature, a flat fee runs counter to this principle." *Id.*  However, "the expert certainly should be reimbursed for any time during which he was unavailable to do other work." *McHale v. Westcott*, 893 F. Supp. 143, 151 (N.D.N.Y. 1995).

Accordingly, the Court agrees that defendant should be required to compensate plaintiff's expert witness for the amount of time the expert witness is asked to reserve for the deposition. As defense counsel recognizes, the expert should also be compensated for time spent preparing for a deposition. *Solvent Chem. Co.*, 210 F.R.D. at 471. The Court will not direct advance payment. *See Johnson v. Spirit Airlines, Inc.*, No. CV 07-1874, 2008 WL 1995117 (E.D.N.Y. 2008) (expert witness "may not insist on advance payment, and may not set a flat fee before he knows what he will be called upon to do; he may instead charge only a reasonable hourly fee."). Moreover, the Court will not direct payment of a cancellation fee given that the cancellation was nearly a week before the deposition and was occasioned by the need for court intervention in a *bona fide* dispute.

"While a party may contract with any expert it chooses, the court will not automatically tax the opposing party with any unreasonable fees charged by the expert." *Reit v. Post Props., Inc.*, No. 09 Civ. 5455, 2010 WL 4537044, at * (S.D.N.Y. Nov. 4, 2010). Courts consider the following factors in assessing the reasonableness of a requested fee: (1) the witness's area of expertise; (2) the education and training that is required to provide the expert insight that is sought; (3) the prevailing rates for other comparably respected available experts; (4) the nature, quality and complexity of the discovery responses provided; (5) the cost of living in the particular geographic area; (6) any other factor likely to be of assistance to the court in balancing the interests implicated by Rule 26; (7) the fee being charged by the expert to the party who retained him; and (8) fees traditionally charged by the expert on related matters. *Broushet v. Target Corp.*, 274 F.R.D. 432, 433 (E.D.N.Y. 2011). Absent explanation as to the disparity, and assuming

the veracity of defense counsel's statement that Mr. Winship charged $250 per hour for work performed on behalf of plaintiff, the Court finds unreasonable Mr. Winship's hourly deposition rate of more than $540. *See Solvent Chem. Co.*, 210 F.R.D. at 468 (party seeking to be reimbursed bears the burden of demonstrating that the fee sought is reasonable).  The Court declines to set a reasonable rate absent additional submissions addressing the factors set forth above and encourages the parties to resolve this issue without further Court involvement.

## **CONCLUSION**

For the reasons set forth above, plaintiff's motion (Dkt. #26), is granted in part and denied in part.  Depositions of Mr. Coniglio and Mr. Winship shall be completed by March 28, 2014.  Dispositive motions shall be filed by May 16, 2014.  If no dispositive motions are filed, the parties shall appear before the undersigned for a status conference on May 29, 2014 at 10:00 a.m.

**SO ORDERED.**

DATED:	Buffalo, New York
	January 24, 2013

          <u>s/ H. Kenneth Schroeder, Jr.</u>
          **H. KENNETH SCHROEDER, JR.**
          **United States Magistrate Judge**